UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID E. DEWBERRY,

       Plaintiff,

                                                                            Civil No. 07-11949
                                                                    Hon. John Feikens

       v.

CITY OF DETROIT LAW DEPARTMENT,

       Defendant.
_____/

**ORDER GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS, DENYING REQUEST FOR APPOINTMENT OF COUNSEL, AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

       Plaintiff has filed a complaint in this Court along with an application to proceed *in forma pauperis* and an application for appointment of counsel. I GRANT his application to proceed *in forma pauperis*, DENY his application for appointment of counsel, and DISMISS this Complaint without prejudice because this Court lacks jurisdiction over its subject matter.

1.      Application to Proceed *In Forma Pauperis*

       Plaintiff has filed an application to proceed in this case without prepaying the usual fees. He asserts he is unemployed, has $6.00 in a checking account, and has received $25.00 in the past 12 months. (Appl. to Proceed *In Forma Pauperis*.) After reviewing his application, I GRANT his application to proceed *in forma pauperis*.

2.  Application for Appointment of Counsel

I DENY Plaintiff's application for appointment of counsel. "The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003). Courts consider "the type of case and the ability of the plaintiff to represent himself" to determine if exceptional circumstances exist. Id. citing Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987). It is inappropriate to appoint counsel when the pro se Plaintiff's chances of prevailing are very slim. Lavado v. Keohane, 992 F.2d 601, 606 (6th Cir. 1993).

In this case, for the reasons discussed infra, Plaintiff has no chance of prevailing on this claim in federal court. Thus, his application for appointment of counsel is DENIED.

3.  Claim is Dismissed for Lack of Subject Matter Jurisdiction

Plaintiff's Complaint reads in its entirety:

> I file an injury claim form with the City of Detroit Law Department Claims Section. I need follow up care on my left ankle from the city of Detroit Department of Transportation accident on December 04, 2003. I did receive emergency care. I have not receive any specialist follow up medical care or any information by the claim section on how to pay for my follow up care medical bills.

(Complaint.) Even the most generous reading of this Complaint fails to show any issue over which a federal court has subject matter jurisdiction. It seems as though Plaintiff is attempting to obtain medical care, or reimbursement for medical care he has obtained, that he needs due to injuries he suffered in an accident involving the Detroit Department of Transportation. No federal question arises from such a suit, and there is no allegation that Plaintiff and Defendant are residents of different states. Thus, it appears that if this suit may be filed at all, an issue on which this Court makes no finding, the suit must be filed in state court. Because this Court has

no jurisdiction over the subject matter of this dispute, it must DISMISS this case WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

s/John Feikens
John Feikens
United States District Judge

Dated: May 7, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 7, 2007.

s/Carol Cohron
Deputy Clerk

---